UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOLDING CAPITAL GROUP, INC.,

    *Plaintiff,*

v.

COMPUREX SYSTEMS CORPORATION,
MARK OSTROFF and CHRISTOPHER E.
PERNOCK,

    *Defendants.*

C. A. No. 04CV12061 MEL

### **DEFENDANTS' ANSWER AND COUNTERCLAIM**

Defendants Compurex Systems Corporation ("Compurex"), Mark Ostroff ("Ostroff") and Christopher E. Pernock ("Pernock") hereby answer the Complaint of the Plaintiff, Holding Capital Group, Inc. ("HCG"), as follows:

The first, unnumbered paragraph does not contain any alleged facts and is merely a preamble to which no response is required.

1. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, deny them.

2. Admitted.

3. Admitted.

4. Defendants deny that Christopher E. Pernock has a last and usual address of 392 Park Street, Stoughton, Massachusetts 02072, but admit the remaining allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint is the jurisdictional nature of the action to which no response is required.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, deny them.

7. Admitted.

8. Defendants deny that Ostroff is a shareholder of Compurex, but state that he is a shareholder of Compurex Systems Business Trust, a Massachusetts business trust, which is the shareholder of Compurex. Defendants, admit the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny that Pernock is a shareholder of Compurex, but state that he is a shareholder of Compurex Systems Business Trust, a Massachusetts business trust, which is the shareholder of Compurex. Defendants admit the remaining allegations contained in Paragraph 9 of the Complaint.

10. Admitted.

11. Admitted.

12. Defendants admit that a letter of intent (the "LOI") dated March 4, 2004 was signed by HCG as well as by Ostroff and Pernock, both as officers of Compurex and individually. The remainder of the allegations contained in Paragraph 12 purport to characterize the LOI which speaks for itself. To the extent those allegations are inconsistent with the LOI, those allegations are denied. The LOI was in part binding and in part non-binding. To the extent the allegations of Paragraph 12 allege otherwise, those allegations are denied.

13. The allegations contained in Paragraph 13 purport to characterize the LOI which speaks for itself. To the extent those allegations are inconsistent with the LOI, those allegations are denied. Defendants deny that the LOI contained all of the material terms of the transaction.

14. The allegations contained in Paragraph 14 purport to characterize the LOI which speaks for itself. To the extent those allegations are inconsistent with the LOI, those allegations are denied.

15. Denied.

16. The allegations contained in the first sentence of Paragraph 16 purport to characterize the LOI which speaks for itself. To the extent those allegations are inconsistent with the LOI, those allegations are denied. Defendants admit that Compurex's May 2004 operating results were compiled and provided to HCG and that they were not as strong as the Defendants had projected. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Denied.

18. Defendants admit that they had their representative inform HCG in August of 2004 that they no longer wanted to go forward with the transaction but deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Denied.

20. Denied.

**COUNT I -- BREACH OF CONTRACT**
**AGAINST COMPUREX AND OSTROFF AND PERNOCK, INDIVIDUALLY**

21. Defendants incorporate by reference their forgoing responses to the allegations contained in Paragraphs 1 through 20 of the Complaint.

22. Denied.

### COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST COMPUREX AND OSTROFF AND PERNOCK, INDIVIDUALLY

23. Defendants incorporate by reference their forgoing responses to the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. Denied.

25. Paragraph 25 does not contain an allegation of fact, only a conclusion of law, which the Defendants neither admit nor deny. To the extent a response is necessary, Defendants deny the factual allegations contained in Paragraph 25 of the Complaint.

26. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the first sentence of Paragraph 26 of the Complaint and, therefore, deny them. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Denied.

### COUNT III – QUANTUM MERUIT AGAINST COMPUREX AND OSTROFF AND PERNOCK, INDIVIDUALLY

28. Defendants incorporate by reference their forgoing responses to the allegations contained in Paragraphs 1 through 27 of the Complaint.

29. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in of Paragraph 29 of the Complaint and, therefore, deny them.

30. Denied.

### COUNT IV – MISREPRESENTATION AGAINST COMPUREX AND OSTROFF AND PERNOCK, INDIVIDUALLY

31. Defendants incorporate by reference their forgoing responses to the allegations contained in Paragraphs 1 through 30 of the Complaint.

32. Denied.

33. Denied.

34. Denied.

### COUNT V – BREACH OF FIDUCIARY DUTY AGAINST
### COMPUREX AND OSTROFF AND PERNOCK, INDIVIDUALLY

35. Defendants incorporate by reference their forgoing response to the allegations contained in Paragraphs 1 through 34 of the Complaint.

36. Defendants admit that Ostroff and Pernock signed the LOI, dated March 4, 2004.

    Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

### COUNT VI – VIOLATION OF M.G.L. CH. 93A
### AGAINST COMPUREX

40. Defendants incorporate by reference their answers to the preceding allegations.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

### AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Plaintiff's Complaint not specifically admitted above, Defendants by way of affirmative defenses state and aver as follows:

*First Affirmative Defense,* Defendants state that HCG has failed to satisfy all conditions precedent to the agreement serving as the basis for its claims.

*Second Affirmative Defense*, Defendants state that HCG, by its conduct and actions and the conduct of its agents and servants, is estopped to recover any judgment against Defendants.

*Third Affirmative Defense*, Defendants state that if any of them failed to perform under any agreements contained in any instrument, which is specifically denied, they were excused from the performance of such agreements.

*Fourth Affirmative Defense*, Defendants state that HCG has failed to plead a prima facie case under M.G.L. c. 93A, §11.

*Fifth Affirmative Defense*, Defendants state that HCG, by its conduct and actions and the conduct of its agents and servants, waived any and all rights it may have had against the Defendants, and, therefore, the Plaintiff cannot recover any judgment against the Defendants.

*Sixth Affirmative Defense*, Defendants state that HCG's Complaint, and each respective count thereof, fails to state a cause of action for which relief can be granted.

*Seventh Affirmative Defense*, Defendants state that HCG's claims are barred by the terms of the LOI.

## COUNTERCLAIM

## PARTIES

1. The Defendant/Plaintiff-in-Counterclaim, Mark Ostroff ("Ostroff"), is an individual residing in Sharon, Massachusetts.

2. The Defendant/Plaintiff-in-Counterclaim, Christopher E. Pernock ("Pernock"), is an individual residing in North Easton, Massachusetts.

3. The Defendant/Plaintiff-in-Counterclaim, Compurex Systems Corporation ("Compurex"), is a Massachusetts corporation with a principal office in South Easton, Massachusetts.

4. Upon information and belief, the Plaintiff/Defendant-in-Counterclaim, Holding Capital Group, Inc. ("HCG"), is a Connecticut corporation with principal office in New York, New York.

## FACTS

5. On or about March 4, 2004, Ostroff and Pernock, on behalf of Compurex, and HCG entered into a letter of intent (the "LOI") by which the parties agreed to consider a transaction between Ostroff, Pernock, Compurex, HCG and certain as yet unidentified lenders or investors. The LOI was in part binding and in part non-binding.

6. HCG prepared the LOI and described it as "proposal" based on a number of "assumptions".

7. The LOI specifically provided that:

If you are in agreement with the above, please execute the acknowledgement below, whereafter we all agree to use our best efforts in good faith to execute the necessary documents and take the necessary actions to close the above-outlined transaction with terms and provisions materially and substantially as set forth above, within a commercially reasonable time frame. We will use commercially reasonable efforts to close this transaction by June 1, 2004; however, in the event we are not able to close this transaction by July 16, 2004 (unless extended by mutual agreement), and the parties are in compliance with this paragraph, the parties would have no further obligation to each other, and would bear their own costs, including any advances made to potential lenders, professionals and advisors.

8. At all relevant times prior to July 16, 2004, Ostroff, Pernock and Compurex used commercially reasonable efforts to close the contemplated transaction.

9. The transaction did not close by July 16, 2004.

10. At no time did Ostroff, Pernock and Compurex agree to extend the July 16, 2004 closing date.

11. On or about September 24, 2004, HCG filed suit against Defendants/Plaintiffs-in-Counterclaim seeking, *intra alia*, to recover for out-of pocket expenses and expenditures

## COUNT II – BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALINGS.

18. The Defendants/Plaintiffs-in-Counterclaim reallege and incorporate by reference Paragraphs 1 though 17 above as if set forth fully herein.

19. HCG has breached the implied covenant of good faith and fair dealing inherent in the LOI.

20. Defendants/Plaintiffs-in-Counterclaim have incurred damages, and will continue to incur damages, as a direct and proximate result of HCG's breach of the implied covenant.

## COUNT III – VIOLATION OF M.G.L. c. 93A.

21. The Defendants/Plaintiffs-in-Counterclaim reallege and incorporate by reference Paragraphs 1 though 20 above as if set forth fully herein.

22. HCG is engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

23. HCG has engaged in unfair and deceptive practices in violation of M.G.L. c. 93A, §§ 2 and 11.

24. Defendants/Plaintiffs-in-Counterclaim have incurred damages, and will continue to incur damages, as a direct and proximate result of HCG's violations of M.G.L. c. 93A, §§ 2 and 11.

WHEREFORE, the Defendants/Plaintiffs-in-Counterclaim requests that this Court enter relief as follows:

1. That this Court enter judgment for the Defendants/Plaintiffs-in-Counterclaim and against HCG on Count I of their Counterclaim in an amount to be determined at trial together with interest and costs;

2. That this Court enter judgment for the Defendants/Plaintiffs-in-Counterclaim and against

HCG on Count II of their Counterclaim in an amount to be determined at trial together with interest and costs;

3. That this Court enter judgment for the Defendants/Plaintiffs-In-Counterclaim and against HCG on Count III of their Counterclaim in an amount to be determined at trial, that such amount be trebled, and that the Court award the Defendants/Plaintiffs-In-Counterclaim their reasonable attorneys fees, interest and costs; and

4. That this Court grant such other and further relief as it deems appropriate.

## JURY DEMAND

Defendants/Plaintiffs-In-Counterclaim Defendants demand a trial by jury as to all issues so triable.

Defendants/Plaintiffs-In-Counterclaim,

**COMPUREX SYSTEMS CORPORATION, MARK OSTROFF and CHRISTOPHER E. PERNOCK**

By their attorneys,

Thomas S. Fitzpatrick, Esquire (BBO #556453)
Alice A. Kokodis, Esquire (BBO #631401)
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500

Dated: November 3, 2004

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL ON

337093v.1

-10-