UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOLDING CAPITAL GROUP, INC.,            )
    Plaintiff,                          )
                                        )
v.                                      )   Civil Action No. 04-CV-12061 MEL
                                        )
COMPUREX SYSTEMS                        )
CORPORATION, MARK OSTROFF               )
and CHRISTOPHER E. PERNOCK,             )
    Defendants.                         )

**ANSWER OF HOLDING CAPITAL GROUP, INC. TO COUNTERCLAIM OF COMPUREX SYSTEMS CORPORATION, MARK OSTROFF AND CHRISTOPHER E. PERNOCK**

1. The Plaintiff/Defendant-In-Counterclaim, Holding Capital Group, Inc. ("Holding Capital"), admits the allegations in paragraph 1 of the Counterclaim.

2. Holding Capital admits the allegations in paragraph 2 of the Counterclaim.

3. Holding Capital admits the allegations in paragraph 3 of the Counterclaim.

4. Holding Capital admits the allegations in paragraph 4 of the Counterclaim.

**FACTS**

5. Holding Capital admits that it entered into a Letter of Intent (the "LOI") on or about March 4, 2004. The statement that the LOI was "in-part binding and in-part non-binding" is a conclusion of law to which no response is necessary. The LOI is a document that speaks for itself and, therefore, no response is required. As a result, Holding Capital denies the remaining allegations in paragraph 5 of the Counterclaim.

6. Holding Capital states that the LOI is a document that speaks for itself and, therefore, no response is required.

7. Holding Capital states that the LOI is a document that speaks for itself and, therefore, no response is required.

8. Holding Capital can neither admit nor deny the allegations in paragraph 8 of the Counterclaim and calls upon the Defendants/Plaintiffs-in-Counterclaim, Compurex Systems Corporation, Mark Ostroff and Christopher E. Pernock (collectively, the "Plaintiffs-In-Counterclaim") to prove the same.

9. Holding Capital can neither admit nor deny the allegations in paragraph 9 of the Counterclaim and calls upon the Plaintiffs-in-Counterclaim to prove the same.

10. Holding Capital can neither admit nor deny the allegations in paragraph 10 of the Counterclaim and calls upon the Plaintiffs-in-Counterclaim to prove the same.

11. Holding Capital admits that it filed suit against the Plaintiffs-In-Counterclaim on or about September 24, 2004. These pleadings are documents that speak for themselves and, therefore, no response is required.

12. Holding Capital admits that its counsel sent a letter to the Plaintiffs-In-Counterclaim's counsel on or about September 24, 2004. This letter is a document that speaks for itself and, therefore, no response is required.

13. Holding Capital admits that it effectuated services of process upon the Plaintiffs-In-Counterclaim on or about October 22, 2004. Documents related to the service of process speak for themselves and, therefore, no response is required.

## COUNT ONE – BREACH OF CONTRACT

14. Holding Capital realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. Holding Capital states that the LOI is a document that speaks for itself and, therefore, no response is required. Holding Capital denies the remaining allegations in paragraph 15 of the Counterclaim.

16. Holding Capital denies the allegations in paragraph 16 of the Counterclaim.

17. Holding Capital denies the allegations in paragraph 17 of the Counterclaim.

## COUNT II – BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

18. Holding Capital realleges and incorporates by reference paragraphs 1 through 17 of the above as if fully set forth herein.

19. Holding Capital denies the allegations in paragraph 19 of the Counterclaim.

20. Holding Capital denies the allegations in paragraph 20 of the Counterclaim.

## COUNT III – VIOLATION OF M.G.L. CH. 39A

21.     Holding Capital realleges and incorporates by reference paragraphs 1 through 20 of the above as if fully set forth herein.

22.     Holding Capital states that the allegations in paragraph 22 of the Counterclaim are a conclusion of law and as such no responsive pleading is necessary.

23.     Holding Capital denies the allegations in paragraph 23 of the Counterclaim.

24.     Holding Capital denies the allegations in paragraph 24 of the Counterclaim.

## **HOLDING CAPITAL'S AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE
The Counterclaim fails to state a claim upon which relief can be granted against Holding Capital.

### SECOND AFFIRMATIVE DEFENSE
The Counterclaims against Holding Capital are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
To the extent that there has been no attempt to mitigate, minimize or avoid any damage alleged in the subject claims, any recovery against Holding Capital must be reduced or eliminated.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs-In-Counterclaim, by their conduct or actions and/or the conduct or actions of the agents or servants, have waived any and all rights they may have against Holding Capital.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs-In-Counterclaim are estopped from recovering in this action.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs-In-Counterclaim have failed to comply with the conditions precedent to bringing this action required by M.G.L. c. 93A.

### SEVENTH AFFIRMATIVE DEFENSE

Holding Capital states that the Plaintiffs-In-Counterclaim have failed to satisfy all conditions precedent to the agreement serving the basis of its claims.

### EIGHTH AFFIRMATIVE DEFENSE

Holding Capital states that if it failed to perform under any agreements contained in any instrument, which it specifically denies, it was excused from such performance by such agreements.

### NINTH AFFIRMATIVE DEFENSE

Holding Capital states that the Plaintiffs-In-Counterclaim are bared by the terms of the LOI.

### TENTH AFFIRMATIVE DEFENSE

Holding Capital states that if the Plaintiffs-in-Counterclaim were injured, which Holding Capital expressly denies, said injury was caused by a party or parties over whom Holding Capital had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Holding Capital and the Plaintiffs-In-Counterclaim reached an accord and satisfaction, and therefore the Plaintiffs-in-Counterclaim cannot recover.

## TWELFTH AFFIRMATIVE DEFENSE

The Counterclaim does not describe the subject claims with sufficient particularity to enable Holding Capital to determine all the grounds for its defenses. Holding Capital, therefore, reserves its right to assert any additional grounds for its defense that may become available once the precise nature of the Plaintiffs-In-Counterclaim's claims are ascertained.

**WHEREFORE**, the Plaintiff/Defendant-In-Counterclaim, Holding Capital Group, Inc., requests the Counterclaims of the Defendants/Plaintiffs-In-Counterclaim, Compurex Systems Corporation, Mark Ostroff and Christopher E. Pernock, be dismissed and the Plaintiff/Defendant-In-Counterclaim be awarded its attorneys' fees and costs for defending this action.

**THE PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully submitted,

**HOLDING CAPITAL GROUP, INC.,**

By its attorney,

_____
Paul Michienzie, Esq. - BBO #548701
Christopher Matheson, Esq. – BBO #640594
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
T: (617) 227-5660

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

I, Christopher Matheson, hereby certify that on this __3RD__ day of December, 2004, I served a copy of the *Answer of Holding Capital Group, Inc. to Counterclaim of Compurex Systems Corporation, Mark Ostroff and Christopher E. Pernock*, by first-class mail and facsimile, postage prepaid to the following:

Thomas S. Fitzpatrick, Esq.
Alice A. Kokodis, Esq.
Davis Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA   02108

_____
Christopher Matheson