UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOLDING CAPITAL GROUP, INC.,

*Plaintiff,*

v.

COMPUREX SYSTEMS CORPORATION,
MARK OSTROFF and CHRISTOPHER E.
PERNOCK,

*Defendants.*

C. A. No. 04CV12061 WGY

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS RESPONSIVE TO THEIR FIRST REQUEST

The Plaintiff has failed to produce documents responsive to Defendants' First Request For Production Of Documents To Plaintiff ("Defendants' First Request"). The documents were not produced when they were due by rule. Counsel for the Plaintiff then made a commitment to produce the documents by a date certain but did not keep that commitment. A second commitment for belated production has been made but there is no way to know if that commitment will be kept. Accordingly, defendants Compurex Systems Corporation, Mark Ostroff and Christopher E. Penrnock ("Defendants"), have moved for an order of this Court compelling the Plaintiff to produce the documents responsive to Defendants' First Request, which the Plaintiff has said it will produce. If the documents in question are produced while this motion is pending, Defendants will promptly, and happily, withdraw their motion.

On December 9, 2004, Defendants served their First Request, a copy of which is attached hereto as Exhibit A.

On January 10, 2005, Plaintiff served the Response Of Holding Capital Group, Inc. To Defendants' First Request For Production Of Documents, a copy of which is attached hereto as Exhibit B (the "Response"). Plaintiff's Responses, while asserting some objections to the requests, indicates that in substantial part the Plaintiff "will produce all non-privileged documents". Indeed, Plaintiff agreed to produce all non-privileged documents responsive to all but one of the requests. No documents, however, were produced with the Response.

On January 14, 2005, Defendants's undersigned counsel conducted a Local Rules 7.1(A)(2) and 37.1(A) teleconference with counsel for the Plaintiff, Christopher Matheson, concerning Plaintiff's production of documents responsive to the First Request. *Affidavit of Thomas S. Fitzpatrick, Esq.*, ¶ 2. [1] He committed to produce those documents responsive to that document request which the plaintiffs had agreed to produce, by the early part of the week of January 24, 2005. *Id.* Plaintiff, however, did not produce its documents as promised. *Id.*

On January 26, 2005, I had another teleconference with Mr. Matheson, concerning the plaintiff's production of documents responsive to Defendants' First Request For Production Of Documents To Plaintiffs. He reported that he did not yet have the document production but committed to produce the documents by the February 1, 2005. *Id.*

## ARGUMENT

The purpose of this motion is not to challenge the objections raised by the Plaintiff in their Responses, but simply to seek an order compelling them to produce that which they have already said they "will produce." [2] The Plaintiff did not produce the documents when due by rule and then failed to keep a commitment made by its counsel for belated production of its

---

[1]    The Fitzpatrick Affidavit is attached hereto as Exhibit C.

[2]    Defendants reserves the right to seek further relief with respect to the Plaintiff's objections and the sufficiency of their document production after they have made that production.

documents.  If the production is made while this motion is pending, Defendants will promptly

withdraw their motion.  Absent that, the Court should issue an order compelling the production.

**CONCLUSION**

For the forgoing reasons, Defendants respectfully requests that the Court allow its motion

to compel and:

a.      order Plaintiff to produce all non-privileged documents responsive to Defendants'

   document requests nos. 1-10l and 12-16 within ten (10) calendar days of the

   Court's order; and

b.      grant such other and further relief as the Court deems just and proper.

Defendants,

**COMPUREX SYSTEMS CORPORATION,
MARK OSTROFF and CHRISTOPHER E.
PERNOCK,**

By their attorneys,

Thomas S. Fitzpatrick, Esquire (BBO #556453)
Alice A. Kokodis, Esquire (BBO #631401)
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

Dated:  January 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the plaintiff,

Holding Capital Group, Inc., by first class mail and e-mail on January 27, 2005.

Thomas S. Fitzpatrick

353132v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOLDING CAPITAL GROUP, INC.,
*Plaintiff,*

v.

COMPUREX SYSTEMS CORPORATION,
MARK OSTROFF and CHRISTOPHER E.
PERNOCK,
*Defendants.*

C. A. No. 04CV12061 WGY

### DEFENDANTS' FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to F. R. Civ. P. 34, the defendants, Compurex Systems Corporation, Mark

Ostroff and Christopher E. Pernock (collectively "the Defendants") request that the plaintiff,

Holding Capital Group, Inc. ("the Plaintiff"), produce the materials specified below for

inspection and copying at the offices of Davis, Malm & D'Agostine, P.C., One Boston Place,

Boston, MA 02108, on or before thirty (30) days from the date of these requests.

### DEFINITIONS

In addition to the definitions set forth below, each request for production of documents

incorporates the uniform definitions and rules of construction of Rule 26.5 of the Local Rules of

the Untied States District Court for the District of Massachusetts

1.      "Compurex" as used herein means the defendant Compurex Systems Corporation

and each of its affiliates, officers, agents, servants, employees, directors, shareholders,

representatives, investigators, insurers, consultants, accountants and attorneys, and all persons

formerly holding such positions and all persons who have acted or purported to act on its behalf.

2.    "Pernock" as used herein means defendant, Christopher E. Pernock, and each of his agents, representatives, and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on his behalf.

3.    "Ostroff" as used herein means the defendant, Mark Ostroff, and each of his agents, representatives, and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on his behalf.

4.    "HCG" as used herein means the plaintiff, Holding Capital Group, Inc., and each of its affiliates, officers, agents, servants, employees, directors, shareholders, representatives, investigators, insurers, consultants, accountants and attorneys, and all persons formerly holding such positions and all persons who have acted or purported to act on its behalf.

5.    "LOI" as used herein means the letter of intent dated March 4, 2004 and signed by HCG, Ostroff and Pernock.

6.    "Documents" or "documents" as used herein is synonymous in meaning and equal in the scope to the usage of that term in Fed. R. Civ. P. Rule 34 and includes all written or graphic material, however produced, or reproduced. Such term includes, without limitation, the following: the original and all copies (including all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise) of books, manuals, records, contracts, correspondence, notes, memorandum (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), notations of any sort of conversations (including telephone calls, meetings or other communications), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, summaries, correspondence, data cards, computer printouts, statistics, teletypes, telexes, worksheets, notes, drawings, letters, telegrams,

2

reports, studies, interoffice and intra-office communications (whether prepared by the defendant or the plaintiffs or either of them for their own use or for transmittal), and all drafts, alterations modifications, changes, and amendments of any kind of the foregoing.  Such term also includes, without limitation, graphic or oral records or representations of any kind (including photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic, digital, or mechanical records, representations and/or data of any kind, data in any machine readable media including, without limitation, hard discs, floppy discs, zip or other archive discs, magnetic tape, compact discs on any computer, workstation, client, server, archive, or other component of any computer or computer network or the contents of any device for the light sensitive, electronic magnetic storage or reproduction of written or oral words, sounds, or images).

7.    "All documents" as used herein, means every document as above defined which exists or ever existed and every document which can be discovered or located by reasonably diligent efforts, and which is in the possession, under the custody, or subject to the control of HCG as defined herein.

8.    As to the terms "each" and "every," as used herein, the term "each" includes the term "every" and the term "every" includes the term "each."

9.    As to the terms "any" and "all," as used herein, the term "any" includes the term "all" and the term "all" includes the term "any."

10.    As to the terms "and" and "or," as used herein, the term "and" includes the term "or" and the term "or" includes the term "and."

11.    "You" means the plaintiff, HCG, as defined herein.

3

12.    The discovery requested herein requests documents with respect to the period from January 1, 2002 (the "relevant time period") through the present unless otherwise specified.

## INSTRUCTIONS

1.    Without limiting the generality of this request, this Request for Production of Documents shall be deemed to include a request for all documents in the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed, including, without limitation, any and all such documents in any personal file within the possession, custody and control of such person or entity.

2.    Each request made herein shall be deemed to include any further, additional or supplemental information or document responsive to such request which is later discovered by, or comes into the possession, custody or control of the person or entity to whom this Request for Production of Documents is directed prior to the conclusion of the case in which this Request for Production of Documents is issued, and such person or entity shall produce any and all such documents at the time that such documents come into such person's or entity's possession, custody or control.

3.    With respect to any document withheld on the grounds that the document or some portion thereof may be privileged, counsel shall produce so much of each such document as does not contain any alleged privileged information and shall furnish a written statement setting forth as to each such document (or portion thereof):

    (a)    The name(s) of the author(s) of the document;

    (b)    The name(s) of the sender(s) of the document;

    (c)    The name(s) of the persons) who received the document or to whom copies were sent or exhibited at any time;

(d)     The name(s) of all persons who at any time read or reviewed the document or copies thereof;

(e)     The date of the document and the date it was received by those persons presently in possession of the document;

(f)     A brief description of the nature and subject matter of the document and/or contents sufficient to permit evaluation of the claim of privilege; and

(g)     The privilege asserted and the statute, rule, decision or other basis which is claimed to give rise to the privilege.

4.     Whenever and wherever appropriate, the singular form of any word contained in a particular request should also be interpreted in the plural.  Each request is to be construed independently and not in reference to any other requests for the purpose of limiting any response. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of a particular request any document which might otherwise be deemed to be beyond or outside its scope.

5.     This request encompasses all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette, CD Rom, tape, or any other machine readable media), including but not limited to "e-mail." Digital material responsive to this request should be produced on a formatted 3-1/2 inch diskette, double-sided, high-density in a DOS or Windows compatible format, or in CD-ROM optically readable DOS or Windows compatible format, clearly labeled as to the software product used to organize and manipulate the underlying data.

5

## REQUESTS

1.    All documents concerning or constituting any communications, whether oral or written, between HCG and Compurex, including without limitation, e-mails.

2.    All documents concerning or constituting any communications, whether oral or written, between HCG and any other person or entity concerning Compurex or the LOI, including without limitation, e-mails.

3.    All documents concerning or constituting any communications, whether oral or written, between HCG and Bank of America concerning Compurex or the LOI, including without limitation, e-mails or commitment letters.

4.    All agreements between HCG and Compurex, Pernock and/or Ostroff, including drafts of agreements.

5.    All documents concerning the negotiation, drafting and execution of the LOI.

6.    All documents concerning HCG's attempt to obtain financing through institutional lenders as alleged in paragraph 15 of the Complaint.

7.    All documents concerning HCG's lost business opportunities as alleged in paragraph 15 of the Complaint.

8.    All documents concerning the parties' alleged agreement to extend the closing date until mid-August of 2004, as alleged in paragraph 16 of the Complaint.

9.    All documents concerning defendants' alleged refusal or failure to provide HCG with requested information as alleged in paragraph 17 of the Complaint.

10.   All documents concerning any damages incurred by HCG as alleged in paragraph 19 of the Complaint, or supporting any claim of damages asserted by HCG in this case.

11.   All documents relied upon HCG to draft the Complaint.

12.  All documents concerning HCG's efforts to consummate or close the transactions contemplated by the LOI, including but not limited to, draft agreements, draft instruments, commitment letters or other financing commitments.

13.  All documents concerning or constituting financial analysis of Compurex or HCG's potential investment or interest in Compurex.

14.  All communications, including, without limitations, e-mails, concerning Compurex among persons affiliated with HCG, including without limitation, Andrew Shultz, Willy Ng, James Donaghy or S. A. Spencer.

15.  All documents which form the basis or support any of HCG's affirmative defenses to the counterclaim in this action.

16.  All documents identified, referred to and/or described in HCG's automatic initial disclosures in this action.

Defendants,

**COMPUREX SYSTEMS CORPORATION,
MARK OSTROFF and
CHRISTOPHER E. PERNOCK**

By their attorneys,

Thomas S. Fitzpatrick, Esquire (BBO #556453)
Alice A. Kokodis, Esquire (BBO #631401)
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500

Dated:  December 9, 2004

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT
WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH
PARTY BY MAIL/HAND ON 12-7-04

342304v.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HOLDING CAPITAL GROUP, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04- CV-12061 WGY |
| | ) | |
| COMPUREX SYSTEMS | ) | |
| CORPORATION, MARK OSTROFF | ) | |
| and CHRISTOPHER E. PERNOCK, | ) | |
| Defendants. | ) | |

## RESPONSE OF HOLDING CAPITAL GROUP, INC. TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS

Now comes the plaintiff, Holding Capital Group, Inc. ("Holding Capital" or the "Plaintiff"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby responds to the requests for production of documents propounded by the defendants, Compurex Systems Corporation, Mark Ostroff and Christopher E. Pernock (collectively, the "Defendants"), as follows:

### GENERAL OBJECTIONS

1.      Holding Capital objects to the Defendants' Requests to the extent that they require disclosure of any information that constitutes, reflects or reveals any confidential attorney-client communications or any other such communications protected by the attorney-client privilege. Furthermore, Holding Capital objects to the Defendants' Requests to the extent that they require disclosure of any information that constitutes, reflects or reveals litigation work product.

2.      Holding Capital objects to these discovery requests to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that they are beyond the permissible scope of discovery under the applicable Rules of Civil Procedure.

3.    Holding Capital objects to these discovery requests to the extent that they call for publicly available information and/or documents that are equally available to the Defendants.

4.    Holding Capital objects to the Defendants' Requests to the extent that they attempt to discover facts known or opinions held by experts beyond the scope allowed by Massachusetts Rule of Civil Procedure 26(b)(4) without leave of Court and such leave has not been granted.

5.    Each of the specific responses of Holding Capital to the Defendants' Requests are made subject to, and without waiving, these General Objections. Each of the foregoing objections and limitations is incorporated into each of the following responses, regardless of whether or not it is repeated below.

## DOCUMENTS REQUESTED AND RESPONSES

### REQUEST NO. 1

All documents concerning or constituting any communications, whether oral or written, between HCG and Compurex, including without limitation, e-mails.

### RESPONSE NO. 1

Holding Capital objects to this Request on the grounds that it is overly broad and unduly burdensome.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

### REQUEST NO. 2

All documents concerning or constituting any communications, whether oral or written, between HCG and any other person or entity concerning Compurex or the LOI, including without limitation, e-mails.

### RESPONSE NO. 2

Holding Capital objects to this Request on the grounds that it is overly broad and unduly burdensome.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 3

All documents concerning or constituting any communications, whether oral or written, between HCG and Bank of America concerning Compurex or the LOI, including without limitation, e-mails or commitment letters.

### RESPONSE NO. 3

Holding Capital objects to this Request on the grounds that it is overly broad and unduly burdensome.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 4

All agreements between HCG and Compurex, Pernock and/or Ostroff, including drafts of agreements.

### RESPONSE NO. 4

Without waiving the General Objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 5

All documents concerning the negotiation, drafting and execution of the LOI.

### RESPONSE NO. 5

Without waiving the General Objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 6

All documents concerning HCG's attempt to obtain financing through institutional lenders as alleged in paragraph 15 of the Complaint.

### RESPONSE NO. 6

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 7

All documents concerning HCG's lost business opportunities as alleged in paragraph 15 of the Complaint.

### RESPONSE NO. 7

Holding Capital objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in time or scope. In addition, Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

**REQUEST NO. 8**

All documents concerning the parties' alleged agreement to extend the closing date until mid-August of 2004, as alleged in paragraph 16 of the Complaint.

**RESPONSE NO. 8**

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

**REQUEST NO. 9**

All documents concerning Defendants' alleged refusal or failure to provide HCG with requested information as alleged in paragraph 17 of the Complaint.

**RESPONSE NO. 9**

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

**REQUEST NO. 10**

All documents concerning any damages incurred by HCG as alleged in paragraph 19 of the Complaint, or supporting any claim of damages asserted by HCG in this case.

### RESPONSE NO. 10

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

### REQUEST NO. 11

All documents relied upon HCG to draft the Complaint.

### RESPONSE NO. 11

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

### REQUEST NO. 12

All documents concerning HCG's effort to consummate or close the transactions contemplated by the LOI, including but not limited to, draft agreements, draft instruments, commitment letters or other financing commitments.

### RESPONSE NO. 12

Without waiving the General Objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

### REQUEST NO. 13

All documents concerning or constituting financial analysis of Compurex or HCG's potential investment or interest in Compurex.

### RESPONSE NO. 13

Without waiving the General Objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

### REQUEST NO. 14

All communications, including, without limitations, e-mails, concerning Compurex among persons affiliated with HCG, including without limitation, Andrew Shultz, Willy Ng, James Donaghy or S. A. Spencer.

### RESPONSE NO. 14

Holding Capital objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably limited in time or scope.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

### REQUEST NO. 15

All documents which form the basis or support any of HCG's affirmative defenses to the counterclaim in this action.

### RESPONSE NO. 15

Holding Capital objects to this request on the grounds that it seeks information protected by the attorney-client and work-product privileges, and information prepared in anticipation of litigation.

Without waiving these objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.

## REQUEST NO. 16

All documents identified, referred to and/or described in HCG's automatic initial disclosures in this action.

## RESPONSE NO. 16

Without waiving the General Objections, Holding Capital will produce all non-privileged documents to the extent they exist and are within Holding Capital's possession, custody or control, at a time and place agreed upon by the parties.


Respectfully submitted,

**HOLDING CAPITAL GROUP, INC.,**

By its attorney,


Paul Michienzie, Esq. - BBO #548701
Christopher Matheson, Esq. – BBO #640594
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
T: (617) 227-5660

Dated: January 10, 2005

## CERTIFICATE OF SERVICE

I, Christopher Matheson, hereby certify that on this /0 day of January 2005, I served a copy of the ***Response of Holding Capital Group, Inc. to Defendants' Request for Production of Document,*** by first-class mail, postage prepaid to the following:

Thomas S. Fitzpatrick, Esq.
Alice A. Kokodis, Esq.
Davis Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA   02108


_____
Christopher Matheson

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOLDING CAPITAL GROUP, INC., *Plaintiff,* v. COMPUREX SYSTEMS CORPORATION, MARK OSTROFF and CHRISTOPHER E. PERNOCK, *Defendants.* | C. A. No. 04CV12061 WGY |

**AFFIDAVIT OF THOMAS S. FITZPATRICK, ESQ.**

I, Thomas Fitzpatrick, hereby depose and state as follows:

1.     I am an attorney admitted to practice before the Courts of the Commonwealth and the United States District Court for the District of Massachusetts.  I am a shareholder and director of Davis, Malm & D'Agostine, P.C., and counsel to defendants, Compurex Systems Corporation, Mark Ostroff, and Christopher E. Pernock.

2.     On January 14, 2005, I had a Local Rules 7.1(A)(2) and 37(A) teleconference with plaintiff's counsel, Christopher Matheson, concerning the plaintiff's production of documents responsive to Defendants' First Request For Production Of Documents To Plaintiffs. He committed to produce those documents responsive to that document request which the plaintiffs had agreed to produce, by the early part of the week of January 24, 2005.  Plaintiff, however, did not produce its documents as promised.

3.     On January 26, 2005, I had another teleconference with Mr. Matheson, concerning the plaintiff's production of documents responsive to Defendants' First Request For

Production Of Documents To Plaintiffs. He reported that he did not yet have the document production but committed to produce the documents by the February 1, 2005.

Signed under the pains and penalties of perjury this 27th day of January, 2005.

Thomas S. Fitzpatrick

2